# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## 11-50200



CURTIS CHANCE )
#A36-427-254 )
Petitioner )
    Vs )  **PETITION FOR WRIT**
Janet Napolitano ) **OF HABEAS CORPUS**
Secretary of Department )
Homeland Security, )
Eric Holder Jr )
Attorney General, et al )
Respondent )

## PETITIONER BRIEF
### For Review of an Order from District Court
### Western District of Texas, San Antonio

CURTIS CHANCE, Pro Se hereby petitions this Court, for a review of the Dismissal Order issued by the District Court Judge on .September 2 2010 the Judge ruled, that detention was lawful pursuant to 8 U.S.C.1231 (a) (6).In a subsequent decision dated December 29 2010. The Court ruled that the provisions of Title 28 U.S.C. 1252(a) (g) precluded Petitioner from seeking Habeas Corpus relief in the Federal District Court.

# STATEMENT OF THE LEGAL ISSUES

Petitioner asks the Court to decide the following issues;

1. Does the District Court have power to grant writ in Immigration cases where the final order was issued prior to enactment IRAIRRA (1996).

2. Do the provisions of U.S.C. 1231(a)(6), apply to a Habeas petition which challenges (i)an erroneous agency by the Immigration Judge who ruled that Petitioner was statutorily ineligible for an available relief, and (ii) does a petition for review prevent the Attorney General from executing a removal order.

3. Whether the provisions of Title 28 U.S.C 1252(a) (g), undermined the District Court's authority to adjudicate a complaint for injunctive and declaratory relief.

4. Is Petitioner eligible for 212c relief?

5. Is an order of deportation valid when there are errors of judgment and facts, a violation of due process and the lack of effective counsel?

## STATEMENT OF THE CASE

On August 4 1992, Respondent was served with, Notice to Alien Detained for Hearing, Pursuant to the exclusion provisions of Section 212(a)(2)(C), (2)(A)(i)(II), and (2)(A)(i)(I) of the Immigration and Nationality Act.

On November 16 1994, the Immigration Judge entered an order, that Petitioner be excluded and deported under Section 212(a) (7) (i) (I)

On a re-opened hearing on November 3 1995, the IJ ruled that Petitioner was **ineligible** for 212c relief.

On November 13 1995, Petitioner's counsel filed a timely Notice of appeal.

On July 18 1997, the New York State Bar Association cautioned Petitioner's Counsel.

On August 22 1997, The Board of Immigration Appeals summarily dismisses the appeal, but Petitioner never received notification of the dismissal.

On January 7 2010, Petitioner was taken into custody in New York City by the Department of Homeland Security, Pursuant to a Warning for Failure to Depart, this warning stemmed from the **invalid** order of deportation that was issued on November 3 1995, and summarily dismissed by the BIA in August 1997.

On January 21 2010, Petitioner was brought to Texas and placed in detention. While detained Petitioner became aware (via Freedom of Information) of the reasons for the summary dismissal (Counsel's failure to file brief) and sought to reopen the proceeding. After many questions about my custody status, I was told by the Deportation Officer that my status would be reviewed in 90 days. On or about March 15 2010, I was given a notice of the upcoming review and was advised to provide my deportation officer with

any relevant supporting document of family and community ties in the United States. After submitting the documents, I waited a few weeks for a response. On or about April 15 2010 I received a notice that a decision has been made to continue custody, but no specific reason was given. The notice also stated that any future custody determination would be conducted at the Headquarters in Washington D.C. While waiting for a response, I wrote to the District Director seeking a parole, but was again denied, without any explanation why. I then wrote to Headquarters in Washington concerning the issue but have not gotten a response from them.

On July 15 2010(after being detained for more than seven months), Petitioner filed a petition for Writ.

On September 2 2010 The District Court **Dismissed without Prejudice,** ruling that the Petition for a writ was premature and stating that the provision of 1231(a) (6) authorized the Respondents to detain Petitioner indefinitely, while a review was pending.

On December 6 2010, Petitioner filed a second petition, asking the Court to review the incorrect decision of the IJ and led to a violation of Petitioner's Due process rights. Instead of addressing the issues raised, the District Court ruled; pursuant to the Provisions of Title 28 U.S.C. 1252(a) (g), the District Court lacked jurisdiction to address Petitioner's claim.

## STATEMENT OF THE FACTS

1. Respondent is a native citizen of Guyana, who was legally admitted as a Legal Permanent Resident on August 27 1979.

2. Respondent is a married father of two adult, U.S. born children a U.S. citizen wife, U.S citizen mother (deceased) five brothers, two sisters and a large extended family, all U.S. citizens and permanent residents.

3. On June 25 1986, and October 11 1986, Respondent was arrested in Far Rockaway Queens, and charged with possession of controlled substance.

4. During trial, on April 6 1987, Respondent pleads guilty, **to attempted possession in the 3rd Degree.**

5. On May 11 1987, I was sentenced to five years **Probation.**

6. On August 4 1992, while returning from a six-day holiday trip to Toronto Canada, Respondent was served a Notice to Alien Detained for Hearing, and placed in exclusion proceedings.

### ARGUMENT

On December 29th 2010, the District Court ruled that is lacked jurisdiction to address the

Raised by petitioner's pursuant to the provisions of Title 28 U.S.C 1252 (a) (g) which

*State as followed: Not withstanding and provision of law (statutory or non statutory), including section 2241, of Title 28 U.S.C or any other habeas corpus provisions and section 1361 and 1651 of such title a petition for review filed with an appropriate court of appeal shall be the sole and exclusive means for judicial review for an order of deportation.*

Petitioner argues; that the District Court is the proper venue for such claims, and assert that the provisions of 1252 is inapplicable to petitioner request for habeas corpus review and Declaratory and Injunctive relief. In support of these arguments Petitioner declares, that;

Under Section 2241, the Federal Habeas statute confers upon the Supreme Court, the circuit courts or the District Courts the power to grant writs within their respective

5

jurisdiction however, the starting point for judicial review of adverse agency decision is 28 U.S.C. 1331 which grant the District Courts original jurisdiction over all civil action arising the Constitution or laws of the United States. Thus the District Court have jurisdiction to hear all claims involving immigration issues.

In 1996, Congress enacted I I R I A and A E D P A, this enactment brought into question the availability of Federal Habeas Corpus review in Immigration cases. The Former Immigration and Naturalization Service took the position that several of the provisions of theses Statues foreclosed Federal Habeas Corpus review pursuant to 28 U.S.C. 2241.

In 2001, in INS vs. St. Cry, the Supreme Court held that habeas jurisdiction under 2241 was not repealed by AEDPA and I I R I A. In its ruling the Court, made clear that claims of legal eligibility for are encompassed within Section 2241, and that elimination of review of such claim would raise serious Constitutional questions. The Court held that the provision of AEDPA and I I R I R A, withdrawing the Attorney General's preexisting authority, to grant discretionary relief from deportation for aliens convicted of certain crimes, does not apply retroactively to individuals like St. Cyr who pled guilty at a time when they were not barred from relief. In another case, Zadrydas vs. Davis (2001), the Court held that indefinite detention violated the alien's due process rights, and ruled that the power to detain must be limited to six months. In this case Petitioner pled guilty to attempted possession of a controlled substance, and was sentenced to Five (5) probation. In. 2004, in Rasul vs. Bush and Hamidi vs. Rumsfield the Supreme Court again forcefully reaffirmed the availability of Federal Habeas Corpus review in cases of executive detention. In its decision the Courts rejected the governments argument that the Courts

lacked jurisdiction to consider challenges to the legality of detention and held that 2241, confers on the District Court jurisdiction to hear petitioners habeas corpus challenge. In. 2005, Congress passed the Real ID Act, which contained provisions that sought to eliminate habeas corpus review for detained aliens contesting their deportation order. These new provisions triggered a new round of litigation, testing the availability of habeas review, and again the Supreme Court in Hamdan vs. Rumsfeld 2006, rejected the government attempt to foreclose habeas corpus review. The Supreme Court has been steadfast in its view that the writ has survived, in cases where there are questions of the legality of the detention.

In. 2008, in Boumedine vs. Bush the Constitutionality if another Habeas Stripping legislation 'The Military Commission Act" came into question again the Supreme Court ruled that the privilege of habeas corpus entitles the detained person to a meaningful opportunity to demonstrate that he is being held pursuant to an erroneous application or interpretation of the relevant laws. In Petitioner's case the provision of the REAL ID Act and the remedy made available under U.S.C. 1252 do not serve as an adequate substitute for Petitioner's review, and would give rise to serious Constitutional problems if the Court were to deny Petitioner a meaningful hearing on the issues raised. Petitioner's eligibility for 212c relief is unquestionable and the only meaningful opportunity left to test the legality of the Judges order is by way of habeas corpus review in the District Court. Petitioner has exhausted all other available remedies and the need for habeas review is urgent. Petitioner has been detained for 16 months based on an erroneous judgment, which can only be remedied, by habeas corpus review.

In 1996, Congress enacted IIRAIRA, within these provisions, the Attorney General was granted the authority to take into custody aliens ordered removed. These provisions are codified, at INA 241: 8 U.S.C. 1231, and states as follow; except as otherwise provided in this section, when an alien is order removed, the Attorney General shall remove the alien from the United States within a period of 90 days, ( referred to as the removal period).The removal period begins on the latest of the following, (i) the date the order of removal becomes administratively final, or.(ii) if the removal order is judicially reviewed **and** if a court orders a stay of the removal of the alien, the date of the courts final order. The plain language of 8 U.S.C 1231, Contemplates that the alien ordered removed, has been done so in accordance with the relevant and applicable laws. In Petitioner's case, the Immigration Judge's ruling brings into question the validity of the order. Under Immigration law, an order of deportation is only valid if it based on facts and substantial evidence that the alien should be deported, accordingly, 1231(a) (6) would not apply to the removal order in question. Secondly, the presumptive 90-day removal period had expired, while Petitioner was exhausting the available remedies. During this period there was a mandated custody review done by Petitioner's Deportation Officer who found no special circumstance existed for detention, but petitioner status remained unchanged. In Zadvydas, the Supreme Court held that the detention of removable aliens beyond six months is a violation of the alien Due Process rights, to date; it has been sixteen (16) months since Petitioner has been detained and thus far, the Government has failed to provide Petitioner with a meaningful review to resolve the issues raised.

The Sixth Circuit held that when the substance of the petitioners claim is a violation of due process whether the Attorney General executes a removal order against them is

8

immaterial to the substance of that claim. The stay of deportation is merely requested as a temporary remedy; the government's argument and the District Court's affirmation that the petition for review and request for a stay challenges the Attorney Generals authority to execute removal orders confuses the substance of the claim with the remedy sought. See Mustata vs. U.S. D.O.J. (6th Cir. 1999).A petition for review does not automatically stay an order, thus the ruling by the District Court, that a stay was granted is incorrect.

## CONCLUSION

Prior to the enactment of the IRAIRA and the AEDPA (1996) deportable criminal aliens could challenge an order of removal in the District Court since the enactment,
The INS argues that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), stripped the District Court of jurisdiction to entertain ' habeas petition. Both the Supreme Court and this Court have determined that notwithstanding the provisions of AEDPA or IIRIRA, district courts retain jurisdiction to hear habeas petitions filed by aliens subject to deportation for having committed certain criminal offenses. Zadvydas v. Davis, 150 L. Ed. 2d 653, 121 S. Ct. 2491, 2497 (2001); INS v. St. Cyr, 150 L. Ed. 2d 347, 121 S. Ct. 2271, 2287 (2001) The Government and the Court's assertion that habeas review was premature, would give rise to serious questions about the availability of the availability of the writ in cases of statutory and constitutional claims arising from controlled substance violations. The Supreme Court ruling in St. Cyr made it quite clear that aliens like Petitioner remain eligible; to foreclose a review to test the availability of this relief, would be ignoring the precepts of the Court.

Following St. Cyr, it is incontrovertible that aliens being deported based on certain criminal convictions would still have a right to contest the order in the District Court if no other forum is available.

The Supreme Court has made it quite clear that there are two rationales in support of the conclusion that habeas is preserved for aliens subject to a final order of deportation. The first is "the strong presumption in favor of judicial review of administrative action, *See St. Cyr,* The second is "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." Thus, to conclude that the District Court lacked jurisdiction to entertain Petitioner's habeas petition, would leave Petitioner without an avenue to review the erroneous decisions of the Immigration Judge. The plain language of 2241, itself does not contemplate a limitation of jurisdiction to Constitutional claims, but while declining to define the precise limit of jurisdiction under 2241, in St. Cyr. The Supreme Court held that the Court had jurisdiction to review statutory challenges In this case petitioner was also seeking Declaratory and injunctive relief compelling the government to correct the erroneous judgment by the Immigration Judge, who failed to apply the fact to the relevant laws and statues then subsequently denied the petitioner the opportunity to apply for an availably relief. i.e; ( the Judge was never provided certificates of dispositions in the criminal proceedings or verification the length of the petitioner's permanent residency) The Courts have found jurisdiction under 2241, to obtain review of many claims and issues including (1) challenges to the denial of an opportunity to apply for relief under the former INA 212C. (2) to review claims of ineffective assistance of counsel. (3) Challenges of the Constitutionality of deportation on due process grounds.

Considering the question of laws, the violation of due process, ineffective assistance of counsel, the erroneous judgment of the Immigration Judge and the District Court, and Petitioner lengthy detention, Petitioner ask the Court to grant writ or any other relief that this Court deem just and proper

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays this Honorable Court to grant the following relief:

A. Issue an Order:

1. Declaring that Petitioners continued detention violates the Fifth Amendment.

2. Granting this Petition for a Writ of Habeas Corpus and releasing Petitioner under an order of supervision.

3. Remand case to the District Court.

4 Order Respondents to conduct an immediate hearing before an Immigration Judge

5. Grant any other and further relief this Court may deem appropriate.

Dated June 3 2011

Respectfully submitted,

CURTIS CHANCE

CERTIFICATE OF SERVICE

I certify that a true copy of the Brief, was mailed by Priority mail to

U S Department of Justice, John Murphy US Attorney, and Gary Anderson at 601 NW Loop 410 Suite 600, San Antonio, Texas. 78126.

On June 3, 2011

*[signature]*

CURTIS CHANCE